### THE BANK OF RED OAK v. ORVIS ET AL.

1. **Promissory Note**: DEMAND: WHERE IT MAY BE MADE. If the maker of a promissory note has no place of business, a demand made at his residence, when he is not at home, is sufficient.

2. ———: PROTEST: EVIDENCE. The certificate of protest, reciting at whose request the protest is made, is presumptive evidence that it was made at the instance of one who has the right to ask it.

3. ———: ASSIGNMENT OF MORTGAGE. The assignment of the mortgage, although special in its terms, does not release the indorser of the note unless the release be expressly stipulated.

*Appeal from Mahaska Circuit Court.*

THURSDAY, APRIL 6.

ACTION upon a promissory note against the makers and indorsers thereof, and to foreclose a mortgage securing the note. The cause was submitted to the court without a jury, and, upon the facts found, which were reduced to writing and filed, a judgment was rendered for plaintiff. Defendant appeals.

*F. M. Davenport* and *Z. T. Fisher*, for appellants.

*John F. Lacey*, for appellee.

BECK, J.—I. It is first insisted that the evidence fails to show a demand upon the makers. We think the evidence

1. PROMISSORY note: demand: where it may be made. sufficiently supports the finding of the court to the effect that the demand was made at the place of residence—the home—of both makers. One was not at home, but as the demand was ·made at his house, and he had no place of business, it was sufficient. 1 Parsons on Notes and Bills, 423.

II. It is next insisted that there was no evidence to show the indorsement of the note by Fisher. The amended abstract shows that the note was indorsed and offered in evidence

with the indorsement. Nothing more was required to establish the fact now questioned.

III. It is said that the residence of the indorser was not established. Indeed it was not disputed at the trial, and the evidence amply supports the court's finding on this point.

IV. It is also urged that there was no proof that the protest was made at the request of the owner or holder of the note. The certificate of protest shows that it was made at the request of the National State Bank of Oskaloosa. In the absence of any proof to the contrary, the presumption will prevail that this bank had the right to request the protest. And, still further, as no such question, in any shape, was raised in the court below, we will not consider it when first made here.

*2. ——: protest: evidence.*

V. Defendant Fisher insists that, as the assignment on the mortgage given to secure the note is special, he is not bound on the indorsement of the note. We fail to see the force of this position. His liability, which is sought to be enforced in this suit, is upon the indorsement on the note. There is no pretense that this liability, as indorser of the note, was to be released or modified by the assignment of the mortgage. Whatever its terms were, not being intended to relieve his liability on the indorsement of the note, he must abide by the contract created by the indorsement.

*3. ——: assignment of mortgage.*

No other points are presented in the case.

AFFIRMED.